IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIZABETH MARIA VELARDE
aka ELIZABETH MARIA OTOLE,

    Petitioner,

v.                                                No. CIV. 08-1044 JB/RLP

EDWARD VELARDE,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte* on its "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" at any stage in the litigation. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The primary issue is whether the Court should remand the case to the tribal court for lack of subject-matter jurisdiction. Because there is no federal-question or no diversity jurisdiction, and because this case is a domestic relations matter from a tribal court, the Court will remand the case for lack of subject-matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Elizabeth M. Velarde filed for divorce in the Jicarilla Apache Nation Court. See Attachment to Notice of Removal, Petition for Dissolution of Marriage at 1(not dated)(Doc. 1). Ms. Velarde seeks a divorce, division of the parties' community assets and debts, and temporary support. See id. at 3. On September 19, 2008, Respondent Edward Velarde, Sr. filed a "Motion for Emergent Injunctive Relief in the above Captioned Matter," asserting that he was being denied due process and substantive access to the tribal court. See Motion for Emergent Injunctive Relief, and to Seal the Record Elizabeth Maria Otole Velarde v[.] Edward Velarde, Sr. at 1. On November 4 and

November 6, 2008, Mr. Velarde then wrote letters to the Jicarilla Legislative Council, again asserting violation of his rights to due process and equal access to the tribal court. See Exhibits A & B to Notice of Removal.

Respondent Mr. Velarde, Sr. now seeks to remove his divorce proceedings from the Tribal Court of the Jicarilla Apache Nation to federal court. See Doc. 1 at 1 (Notice of Removal) & Petition for Divorce. According to the Petition for Dissolution of Marriage, Mr. Velarde and his wife both are enrolled members of the Jicarilla Apache Tribe, and had been living "within the territorial confines of the Jicarillo Nation for the six months immediately preceding the filing of [the divorce] petition." Doc. 1, Ex. C at 1.

Mr. Velarde contends that he is entitled to remove the divorce petition from tribal court under 28 U.S.C. § 1441(b), asserting that this Court has original jurisdiction under 28 U.S.C. § 1331 over the divorce petition because "the Jicarilla Apache Tribal Nations Legislative Council and the Jicarilla Apache Tribal Court refuse to comply and enforce their own Jicarilla Apache Tribal Code," thereby denying him "equal civil rights and due process" under the United States Constitution. Doc. 1 at 1.

## RELEVANT LAW REGARDING REMOVAL

Under 28 U.S.C. § 1441(b),

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or law of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). For removal to be proper, federal district courts must have "original jurisdiction" over the action sought to be removed. 28 U.S.C. § 1441(b). A federal district court

has original jurisdiction if Article III's justiciability requirements are met, see Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1002-05 (9th Cir. 2001), cert. denied, 535 U.S. 928 (2002), and the case involves a federal question or diversity of citizenship, see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A court has diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing the requirements for federal jurisdiction. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941), and United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)). "[A]ll doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The United States Court of Appeals for the Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mutual Ins. Co. v. JSSJ Corp., 149 Fed.Appx. 775, 778 (10th Cir. 2005). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

## LAW REGARDING FEDERAL-QUESTION JURISDICTION

A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded

complaint." Caterpillar, Inc. v. Williams, 482 U.S. at 392 (citing Gully v. First Nat'l Bank, 299 U.S. at 112-13). As "the master of the claim," the plaintiff may choose to sue in state court rather than in federal court "by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. at 392.

The defendant may not try to sneak a federal question through the back door by raising a federal defense, for "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)). See Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1236 (10th Cir. 2003)("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'")(quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986)). While a plaintiff is free to plead a federal question in his complaint, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc. v. Williams, 482 U.S. at 399. Even the plaintiff can only go so far in attempting to invoke federal question jurisdiction, because "[a]ny statements in the complaint which go beyond a statement of the plaintiff's claim and anticipate or reply to a probable defense are to be disregarded" in deciding whether federal question jurisdiction exists. Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481 (10th Cir. 1975).

In addition to the requirement that the federal question appear on the face of the complaint, "plaintiff's cause of action must either be [i] created by federal law, or [ii] if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" Nicodemus v. Union Pac. Corp., 318 F.3d at 1235 (quoting Merrell Dow Pharmaceuticals, Inc. v.

Thompson, 478 U.S. at 808). As for the second method, beyond the requirement of a substantial question of federal law at the heart of the case, the federal question must also be "contested." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. at 313. Finally, the exercise of federal-question jurisdiction must also be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. at 313. In particular, the court must determine whether recognition of federal-question jurisdiction will federalize a "garden variety" state law claim that will overwhelm the judiciary with cases traditionally heard in state courts. Id. at 318-19 (explaining that "there must always be an assessment of any disruptive portent in exercising federal jurisdiction" in accepting "garden variety" state law claims). See D. Hanselman, Supreme Court Federal Removal Jurisdiction, FOR THE DEFENSE at 25, 65 (September 2005)("The most important consideration is whether removal would federalize a garden-variety tort, contract, or fraud claim, or whether there is some uniquely federal aspect of the case that, if removed, could be adjudicated in federal court without subjecting the federal courts to a flood of original filings or removals.").

## ANALYSIS

The Court, having exercised its responsibility to assure that it has subject-matter jurisdiction, has determined that remand is appropriate in this case. An examination of the Petition reveals that there are no federal claims and no diversity jurisdiction. The Court has no basis for exercising jurisdiction and will accordingly remand the case to the Jicarilla Apache Nation Court.

**I.   THE COURT HAS THE AUTHORITY TO REMAND A CASE SUA SPONTE WHERE THERE IS NO SUBJECT-MATTER JURISDICTION.**

The Federal Rules of Civil Procedure provide: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Given

the use of the word "must," rule 12(h)(3) is phrased not only to allow, but to require district courts to dismiss actions upon determining that there is no subject-matter jurisdiction. Indeed, the Tenth Circuit has, on at least one occasion, reversed a district court for failing to dismiss a complaint sua sponte where subject-matter jurisdiction was lacking. See Schwob v. Standard Ins. Co., 37 Fed.Appx. 465, 469 (10th Cir. 2002)(unpublished opinion)("We need not address the issues raised on appeal by plaintiff because we hold that the district court erred by failing to dismiss plaintiff's complaint sua sponte for lack for lack of subject matter jurisdiction based on the doctrine of ripeness.").

Although the Tenth Circuit has not stated that a district court has the duty or the authority to remand a case sua sponte for want of subject-matter jurisdiction, the Court believes the power to do so is implicit in the power to dismiss a case for a lack of subject-matter jurisdiction. Parties cannot confer subject-matter jurisdiction upon a federal court by agreement, consent, or waiver. See Prier v. Steed, 456 F.3d 1209, 1214 (10th Cir. 2006)("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant.")(internal quotation marks and citations omitted).

28 U.S.C. § 1447(c), the statutory section governing remand, states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.* An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State may thereupon proceed with such case.

28 U.S.C. § 1447(c) (emphasis added). See Miller v. Lambeth, 443 F.3d 757, 759 (10th Cir. 2006)("The statutory provision[] governing remands of cases removed to federal court [is] 28 U.S.C.

§ 1447(c). . . ."). Although its drafting in the passive voice introduces arguable ambiguity, 28 U.S.C. § 1447(c) appears to require a district court to remand a case any time before final judgment if it determines that subject-matter jurisdiction is lacking, regardless of whether a party files a motion to remand. Nothing in the statute's language suggests that the second sentence depends in anyway, or modifies or is modified by the first sentence, which deals with the timing of motions to remand. Rather, the allowance for remand up until the entry of final judgment, which will potentially occur well outside the deadline for a motion to remand, suggests that, even if the parties miss the deadline for a motion to remand, the Court must remand a case if it determines that it lacks subject-matter jurisdiction. See 24A Federal Proc. L. Ed. § 69:138 (updated 2008)("Since the District Court is required to remand any action over which it has no subject matter jurisdiction at any time before final judgment, the District Court may remand an action sua sponte for lack of subject matter jurisdiction.").

Such a reading of 28 U.S.C. § 1447(c) makes sense. Given that parties cannot consent to subject-matter jurisdiction in federal court where there is none, the inability to remand a removed case sua sponte has the potential to produce a problematic predicament for the non-removing plaintiff: After a defendant removes a case, if the plaintiff fails to file a motion to remand within the prescribed time-period, and the court then discovers that it has no subject-matter jurisdiction, a Court lacking the power to remand sua sponte would face two choices. The court could, pursuant to rule 12(h)(3), dismiss the case for lack of subject-matter jurisdiction. Alternatively, the court would have to retain jurisdiction, even though it has no authority to do so. The second option is not really an option at all – the Court cannot exercise power that it does not have. The first option would make little sense and would be unfair to the plaintiff, who filed his or her complaint in state court to begin with, and who should not be punished by dismissal because defendant improperly

removed the case to federal court. Such a result, while absurd, might also encourage improper removal. Section 1447(c), however, has a built-in mechanism for discouraging improper removal. A federal court remanding a removed case to state court for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The policy is therefore to reduce removal of cases over which there is no basis for jurisdiction. The Supreme Court has stated: "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

The Court therefore concludes that 28 U.S.C. § 1447(c) affords it the authority to remand a case sua sponte at any time before final judgment if it determines that there is lack of subject-matter jurisdiction.

## II.    THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER THIS CASE.

Mr. Velarde contends that the Court has original jurisdiction under 28 U.S.C. § 1331 over the divorce petition because "the Jicarilla Apache Tribal Nations Legislative Council and the Jicarilla Apache Tribal Court refuse to comply and enforce their own Jicarilla Apache Tribal Code," thereby denying him "equal civil rights and due process" under the United States Constitution. Doc. 1 at 1. Based on an examination of the Petition for Dissolution of Marriage, however, the Court finds that there is no basis for jurisdiction.

Under 28 U.S.C. § 1441(b),

[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or law of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

brought.

28 U.S.C. § 1441(b).  For removal to be proper, federal district courts must have "original jurisdiction" over the action sought to be removed.  28 U.S.C. § 1441(b).  28 U.S.C. § 1331, in turn, states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. at 392 (citing Gully v. First Nat'l Bank, 299 U.S. at 112-13).  As "the master of the claim," the plaintiff may choose to sue in state court rather than in federal court "by exclusive reliance on state law."  Caterpillar, Inc. v. Williams, 482 U.S. at 392.

The Petition for Dissolution of Marriage asks for the marriage between Mr. Velarde and Ms. Velarde to be terminated, and for an equitable division of their property.  While Mr. Velarde alleges, through the documents he has filed accompanying the Notice of Removal, that he is suffering deprivations of due process under the United States Constitution, such allegations cannot supply a basis for jurisdiction.  A defendant – or, in this case, a respondent to a divorce petition – cannot bypass the well-pleaded complaint rule by alleging what are either counterclaims or defenses rooted in federal law.  Plaintiffs are master of their complaint to a certain degree and may choose to state claims that sound only in state court if they desire to avoid litigating in federal court.

There are no allegations of diversity of citizenship.  Even if there were diversity of citizenship, that this is a domestic relations case would also preclude federal jurisdiction.  The Supreme Court has explained:

> Although In re Burrus technically did not involve a construction of the diversity statute, as we understand Barber to have done, its statement that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States," [In re Burrus, 136 U.S. 586, 593,], 593-594 [(1890)], has been interpreted by the federal courts to apply with

> equal vigor in suits brought pursuant to diversity jurisdiction. See, e.g., Bennett v. Bennett, . . . 682 F.2d 1039, 1042 (1982); Solomon v. Solomon, 516 F.2d 1018, 1025 (CA3 1975); Hernstadt v. Hernstadt, 373 F.2d 316, 317 (CA2 1967); see generally 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3609, pp. 477-479, nn. 28-32 (1984). This application is consistent with Barber's directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees. See Barber [v. Barber, [62 U.S. 582, 584,]21 How. 582, at 584. We conclude, therefore, that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.

Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)(first alterations in Ankenbrandt v. Richards)(footnote omitted). The Court therefore does not have the power to grant the relief requested in the Petition for Dissolution of Marriage – namely, dissolution of the marriage and equitable division of the marital property.

> Furthermore, 28 U.S.C. § 1441(b) is written in terms of removal from state court:
>
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(b) (emphasis added). In discussing whether § 1441 provides for removal from a tribal court, the Supreme Court has noted that "the general federal-question removal statute refers only to removal from state court. . . ." Nevada v. Hicks, 533 U.S. 353, 368 (2001). Thus, for example, if a claim brought under 42 U.S.C. § 1983 could be brought in tribal court – and the Supreme Court has foreclosed such a claim – a defendant in tribal court would lack the ability to seek a federal forum by removing the case. See Nevada v. Hicks, 533 U.S. at 368. Given that potential anomaly, rather than implying a right to remove a case from tribal to federal court, the Supreme Court stated: "[T]he simpler way to avoid the removal problem is to conclude (as other

indications suggest anyway) that tribal courts cannot entertain § 1983 suits." Nevada v. Hicks, 533 U.S. at 368.

Mr. Velarde therefore could not remove his case from tribal court to federal court. The Supreme Court foreclosed that possibility in Nevada v. Hicks. The Court accordingly sees this case's provenance as another reason why it would be improper to allow the case to proceed in federal court.

The Court is cognizant of a slight wrinkle in its disposition of this case. The Court has concluded, based on Nevada v. Hicks, that a litigant cannot remove a case from tribal court to federal court, given that the general removal statute allows removal from only state court. The statute governing remand provides for remand to state court. See 28 U.S.C. § 1447(a) ("In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise."); id. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."). Such language might suggest that it is not possible to remand to the tribal court.

The Tenth Circuit, however, has allowed remand to tribal court in an analogous setting. In Becenti v. Vigil, 902 F.2d 777 (10th Cir. 1990), the Tenth Circuit dealt with an improper attempt to remove a case from tribal under 28 U.S.C. § 1442. See 902 F.2d at 778-89. Noting that, like § 1441(b), § 1442 was framed up in terms of removal from state court, the Tenth Circuit held that Congress had not authorized federal courts to exercise jurisdiction over cases removed from tribal court pursuant to § 1442. See Becenti v. Vigil, 902 F.2d at 780-81. As a result of its holding that removal from tribal court is not possible under § 1442, the Tenth Circuit in Becenti v. Vigil

11

remanded the case to the district court with an order for the district court to remand the case to tribal court.  See Becenti v. Vigil, 902 F.2d at 781.  The Court believes that the Tenth Circuit would approve of remanding to the tribal court in this situation as well, even though removal was based on § 1441 rather than on § 1442.[1]

In sum, the Court finds that it lacks subject-matter jurisdiction over this case.  The Petition for Dissolution of Marriage does not assert any federal claims.  Rather, it requests relief that the Court does not have the power to grant.  The Court will therefore remand this case sua sponte.

**IT IS ORDERED** that this case is remanded to the Jicarilla Apache Nation Court.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Peter J. Holzem
Chama , New Mexico

    *Attorney for Petitioner Elizabeth Maria Velarde*

Edward Velarde
Dulce, New Mexico

    *Pro se Respondent*

---

[1] Furthermore, 28 U.S.C. § 1447 (c) states, in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  While § 1447 (c) goes on to discuss "State court" and "[t]he State," the quoted sentence suggests that the federal court can remand a removed case whenever it lacks jurisdiction.